IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CENTRAL CHRISTIAN CHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| MEARS GROUP, INC., ) | |
| ) | |
| Serve: CSC Lawyers Incorporating ) | |
| Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, Missouri 65101, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

COMES NOW Plaintiff, Central Christian Church, by and through its undersigned counsel, and for its Complaint, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Central Christian Church is a non-profit domestic corporation in good standing, organized and licensed to conduct business in the State of Missouri, with is principal place of business located at 3801 E. Linwood Blvd., Kansas City, Missouri 64128 ("subject property").

2. Defendant Mears Group, Inc. is a foreign for-profit corporation, organized and existing under the laws of the State of Michigan, with its principal place of business in Rosebush, Michigan, and is licensed and authorized to conduct business in the State of Missouri.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest, and attorneys' fees, and there exists complete diversity of citizenship.

4. Venue is proper in the Western District of Missouri under 28 U.S.C. §1391(a) because the events giving rise to the lawsuit occurred within this District and the property involved is situated in this District.

## GENERAL ALLEGATIONS

5. Prior to June 6, 2019, Defendant was hired by MGE to install a new gas main in the area near the subject property.

6. While performing its directional drilling, Defendant damaged a storm water drain.

7. During a storm on June 6, 2019, water backed up into the subject property due to the damage caused by Defendant to the storm water drain.

8. The water flowed out of the subject property when the storm water drain was fixed on June 27, 2019.

9. As a result of the water back up, Plaintiff suffered extensive property damages both to its building, as well as to its contents.

10. Plaintiff's property damages, injuries and losses attributable to the June 6, 2019 water loss total $142,135.99.

## COUNT I – NEGLIGENCE

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 above as if fully set forth herein.

12. Defendant had a duty to obey the requirements of the common law, the applicable standards of care, to follow its own internal procedures and to use reasonable care in marking, locating, and identifying underground utilities and in its construction work, including digging, excavating, tunneling and directional boring near underground utilities.

2

13. At all relevant times, all of Defendant's representatives and personnel were acting as the agents and/or employees of Defendant and were acting within the course and scope of their employment.

14. Defendant breached its duty and was negligent in, *inter alia*, one or more of the following manners:

   a. failing to obtain the necessary permit from the City prior to beginning its work at the site;

   b. failing to comply with applicable laws, codes and procedures regarding the locating, identifying and marking of underground utilities prior to conducting the directional boring;

   c. failing to use the requisite care in properly locating and identifying all underground utilities present before beginning the directional boring, including:

      (i) not ensuring that all utilities were properly marked and identified prior to beginning its work;

      (ii) not making the requisite potholes which would have exposed the storm water drain prior to beginning its work;

      (iii) not contacting the utility company to clarify any doubts or concerns about the locate markings or the utility lines;

      (iv) not locating the storm water drain prior to beginning its work; and

      (v) beginning the directional boring despite failing to locate and identify the storm water drain;

   d. failing to perform its work, specifically the directional boring, with the requisite means, methods, techniques, sequences, procedures, parts and equipment, including:

      (i) failing to avoid the underground utilities, specifically the storm water drain; and

      (ii) damaging the storm water drain during its directional boring;

   e. failing to follow the proper safety procedures after damaging the storm water drain;

3

f.  failing to hire, utilize, train and/or supervise certified and/or qualified employees, agents or representatives to mark, locate, and identify underground utilities and to engage in construction, digging, excavating, tunneling and directional boring near underground utilities, as well as how to properly respond to damaging underground utilities; and

g.  otherwise failing to perform its work in a professional and workmanlike manner.

15. As a direct and proximate result of the negligent acts and/or omissions of Defendant and its agents and employees acting within the course and scope of their employment, Plaintiff suffered property damages, injuries and losses in excess of $140,000.

WHEREFORE, Plaintiff Central Christian Church prays this Court grant judgment in its favor against Defendant Mears Group, Inc. in an amount in excess of $75,000, along with pre-judgment and post-judgment interest and its costs, expenses and attorneys' fees incurred herein and for any and all such other relief this Court deems just and proper under the circumstances.

## COUNT II - RECKLESSNESS

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant had a duty to obey the requirements of the common law, the applicable standards of care, to follow its own internal procedures and to use reasonable care in marking, locating, and identifying underground utilities and in its construction work, including digging, excavating, tunneling and directional boring near underground utilities.

18. At all relevant times, all of Defendant's representatives and personnel were acting as the agents and/or employees of Defendant and were acting within the course and scope of their employment.

19. Defendant breached its duty and was reckless in, *inter alia*, one or more of the following manners:

   a. failing to obtain the necessary permit from the City prior to beginning its work at the site;

   b. failing to comply with applicable laws, codes and procedures regarding the locating, identifying and marking of underground utilities prior to conducting the directional boring;

   c. failing to use the requisite care in properly locating and identifying all underground utilities present before beginning the directional boring, including:

      (i) not ensuring that all utilities were properly marked and identified prior to beginning its work;

      (ii) not making the requisite potholes which would have exposed the storm water drain prior to beginning its work;

      (iii) not contacting the utility company to clarify any doubts or concerns about the locate markings or the utility lines;

      (iv) not locating the storm water drain prior to beginning its work; and

      (v) beginning the directional boring despite failing to locate and identify the storm water drain;

   d. failing to perform its work, specifically the directional boring, with the requisite means, methods, techniques, sequences, procedures, parts and equipment, including:

      (i) failing to avoid the underground utilities, specifically the storm water drain; and

      (ii) damaging the storm water drain during its directional boring;

   e. failing to follow the proper safety procedures after damaging the storm water drain;

   f. failing to hire, utilize, train and/or supervise certified and/or qualified employees, agents or representatives to mark, locate, and identify underground utilities and to engage in construction, digging, excavating, tunneling and directional boring near underground utilities, as well as how to properly respond to damaging underground utilities; and

5

g.  otherwise failing to perform its work in a professional and workmanlike manner.

20. Defendant knew or should have known that as a result of the acts and/or omissions of it and its agents and employees acting within the course and scope of their employment that serious damages, injuries and losses could occur. Specifically, Defendant either knew or should have known that as a result of its directional drilling that damage could occur to a storm water drain resulting in significant damages, injuries and losses to Plaintiff.

21. The acts and omissions outlined above of Defendant and its agents and employees acting within the course and scope of their employment constituted a conscious disregard and complete indifference for Plaintiff and its property.

22. Plaintiff's damages, injuries and losses, which are in excess of $140,000, were directly and proximately caused by the gross negligence, willful, wanton and outrageous conduct and reckless indifference of Defendant and its agents and employees acting within the course and scope of their employment, by acting and/or failing to act in an egregious manner.

WHEREFORE, Plaintiff Central Christian Church prays this Court grant judgment in its favor against Defendant Mears Group, Inc. in an amount in excess of $75,000, along with pre-judgment and post-judgment interest and its costs, expenses and attorneys' fees incurred herein and for any and all such other relief this Court deems just and proper under the circumstances.

6

Case 4:21-cv-00095-SRB   Document 1   Filed 02/16/21   Page 6 of 7

Respectfully submitted,

/s/ Robert W. Cockerham
Robert W. Cockerham #31984
COCKERHAM & ASSOCIATES, L.L.C.
10803 Olive Blvd.
St. Louis, MO 63141
314-621-3900
Fax: 314-621-3903
rcockerham@cockerhamlaw.com

Attorneys for Plaintiff Central Christian Church